UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICHARD DIXON,

                  Petitioner,

          -against-

CHARISMA CARTER,

                  Respondent.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-1427 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On March 12, 2026, *pro se* Petitioner Richard Dixon ("Petitioner") commenced this habeas corpus action against Respondent Charisma Carter ("Respondent"). *See generally* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Petitioner is currently incarcerated at the Robert N. Davoren Center, located at 11-11 Hazen Street, East Elmhurst, New York, 11370, and challenges his New York State pretrial detention pursuant to 28 U.S.C. § 2241 ("§ 2241"). For the following reasons, the Petition is dismissed.

## BACKGROUND

Petitioner has been arrested and charged with one count of murder in the second degree under N.Y. Penal Law § 125.25-1; one count of attempted murder in the second degree under N.Y. Penal Law §§ 110, 125.25-1; one count of assault in the first degree under N.Y. Penal Law § 120.10-1; two counts of criminal possession of a weapon in the second degree under N.Y. Penal Law §§ 265.03-3, 265.03-1B; and one count of criminal possession of a weapon in the fourth degree under N.Y. Penal Law § 265.01-2. Pet. at 73.[1] Petitioner's criminal case is pending in the

---

[1] In its citations to the Petition, the Court references the page numbers contained in the automatically generated ECF header.

Supreme Court of the State of New York, County of Queens, under indictment number 70174-23. *Id.*; *see also id.* at 3. Among other things, Petitioner challenges pretrial rulings issued by the state court and the length of time his criminal case is taking. *Id.* at 3-8. He seeks release from custody. *Id*. at 8.

**LEGAL STANDARD**

Under 28 U.S.C. § 1915A(a), courts "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." When reviewing, courts "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

With that said, a *pro se* complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Even after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

2

**DISCUSSION**

The Petition warrants dismissal for two principal reasons. First, in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court directed "federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question" a pending state-court criminal proceeding "absent bad faith or extraordinary circumstances," *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)); *see also Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973) (A § 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). "Where a pretrial detainee challenges his custody in a *habeas corpus* petition brought under § 2241, courts have applied the *Younger* doctrine and declined to intervene . . . ." *Jones v. Walker*, 22-CV-0993 (LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022). Petitioner seeks his release from custody but has not alleged facts plausibly demonstrating bad faith or extraordinary circumstances. *See, e.g.*, *id.* at *1-2 (declining to intervene in a § 2241 case where the petitioner did "not allege any facts suggesting bad faith, harassment, or irreparable injury"; rather, "he simply disagree[d] with the trial court's decisions"); *Robinson v. Sposato*, CV–11–0191 (SJF), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012) (same); *cf. Rivers v. Alleged Victim in Crim. Case in Brooklyn Superior Ct.*, 25-CV-377 (AMD) (MMH), 2025 WL 1452540, at *1-2 (E.D.N.Y. Feb. 4, 2025) (dismissing a 42 U.S.C. § 1983 case to the extent that the incarcerated plaintiff requested the court to intervene in his pending state criminal case).

Second, even if Petitioner had plausibly alleged bad faith or extraordinary circumstances, he has failed to exhaust available remedies in state court. Although § 2241 "does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief,

3

decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Alexander v. Warden of NYC*, 25-CV-00624 (DG), 2025 WL 1296063, at *2 (E.D.N.Y. May 5, 2025) (quoting *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976)) (collecting cases). "In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing to the New York Court of Appeals, the State of New York's highest court." *Jones*, 2022 WL 623584, at *2. Petitioner has not shown that he has exhausted his state-court remedies or put forward any reasons why that requirement should be excused. Pet. at 3-4 (describing an appeal to the Appellate Division, Second Department, but no appeal to the Court of Appeals); *see, e.g.*, *Alexander*, 2025 WL 1296063, at *2 (determining a § 2241 petitioner had failed to exhaust his state remedies where the "Petition [did] not reflect that Petitioner ha[d] sought relief 'all the way up to the New York Court of Appeals'" (quoting *Nazer v. Warden at Rikers Island*, 24-CV-5226 (LTS), 2024 WL 4109081, at *3 (S.D.N.Y. Aug. 26, 2024))); *Dawson v. Toulon*, 22-CV-6341(GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (same).

## CONCLUSION

Accordingly, the Petition is denied without prejudice pursuant to 28 U.S.C. § 1915A. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is respectfully directed to enter judgment dismissing this action without prejudice, to mail a copy of this order and the judgment to *pro se* Petitioner, and to note that mailing on the docket.

Although Petitioner paid the five-dollar filing fee to bring this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge, Jr. v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

March 20, 2026
Brooklyn, New York